# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 2:25-CR-193 |
| | ) | Case No. 2:26-CR-46 |
| | ) | |
| v. | ) | Judge Christy Wiegand |
| | ) | |
| | ) | |
| | ) | |
| JAMES CLARK | ) | |

## SENTENCING MEMORANDUM

AND NOW, comes Defendant, James Clark, by and through his attorney, Robert E. Mielnicki, Esquire, and respectfully submits the following Sentencing Memorandum.

## BACKGROUND INFORMATION

Defendant, James Clark, is thirty-eight (38) years old, having been born on June 26, 1987, in Pittsburgh, Pennsylvania. He is the son of Robert Clark and Christina Brown. ages fifty-two (52) and late fifties. Robert is unemployed and resides in Pittsburgh. Christina is paralyzed and receives SSI. Both of his parents were addicted to drugs and unable to care for him. Defendant was raised by his paternal aunt, Patty Clark. Defendant was raised along with Patty's three (3) children. Patty passed away in 2025 from organ failure. Defendant's life with Patty was "up and down" as he fought with her children. Patty, however, was a good person. Defendant also fought with other children at school and was sent to placement at the age of fourteen (14).

Defendant moved out of Patty's home at the age of eighteen (18) to live with the mother of his child. Defendant has five (5) children. James Clark, Jr., is eighteen (18) years old, lives in McKeesport, and is a student. Kamera Clark, sixteen (16) years old, lives in McKeesport, and is a

student. Semaj Clark is five (5) years old, and her location is unknown. Lataysha Clark is four (4) years old and her location is unknown. Tatiana Clark is three (3) years old and is in foster care. The mother of Tatiana is Karen Allen. The mother of James Clark, Jr, and Kamera Clark is Krista Wampler. The mother of Semaj and Lataysha is Latasha LNU.

Defendant has eleven (11) siblings. Robert Clark, Jr, paternal half-brother, is forty-nine (49) years old, resides in Pittsburgh and receives SSI. Ebony Clark, paternal half-sister, is deceased. Ebony passed away in 2020 from an asthma attack. Albert Clark, paternal half-brother, is in his forties, resides in Pittsburgh, and is self-employed. Anthony Brown, maternal half-brother, is forty (40) years old, resides in Pittsburgh and receives SSI. Shanika Clark, paternal half-sister, is thirty-seven (37) years old, resides in Florida, and receives SSI. Tonya LNU, paternal half-sister, is in her thirties, resides in Pittsburgh, and is a foster parent. Tia Shar, paternal half-sister, is twenty-three (23) years old, resides in Pittsburgh, and receives SSI. Nel Nel Clark, paternal half-sister, is seven (7) years old, resides in Pittsburgh, and is a student. Defendant has three (3) more paternal half-siblings that he does not know anything about.

Defendant was diagnosed with kidney disease at the age of thirteen (13). Since his incarceration, he has been diagnosed with acid reflux and given medication. As a child, Defendant was diagnosed with bipolar disorder and ADHD. He was prescribed Ritalin.

Defendant first used marijuana at the age of eighteen (18). He smoked such a couple of times a week. Defendant has used alcohol but has not abused it. Defendant began using cocaine in his thirties but only occasionally. Defendant was enrolled in substance abuse treatment as a child through CYS.

Defendant graduated from Wilkinsburg High School, but he took special education classes. Counsel should point out that he met with Defendant more than ten (10) times before his plea.

Counsel wrote Defendant several somewhat important letters as an aid to him understanding his case, the potential sentences, and any defense. When Counsel met with Defendant on May 26, 2026, to go over the PSIR, it became somewhat clear that Defendant does not read well. This was unknown to Counsel before May 26, 2026.

Defendant, prior to his incarceration, received $900 a month in SSI due to his leaning disabilities. He has worked various jobs, including dishwashing and fast-food service, most recently at Rico's in Pittsburgh (dishwasher) where he earned $15 an hour.

### DEFENDANT'S CRIMINAL RECORD

Defendant is Criminal History Category V. This consists of three (3) points for a 2010 conviction for Robbery (18 Pa.C.S. § 3701), three (3) points for a 2010 conviction for Statutory Sexual Assault (18 Pa.C.S. § 3122.1(a)), and two (2) points for a 2024 conviction for Simple Assault (18 Pa.C.S. §2701) in Allegheny County. Defendant did the complete four (4) years of the sentence of two (2) to four (4) for the Robbery and Statutory Sexual Assault convictions. Counsel often sees people reach certain criminal history categories above II despite never really serving any significant time, or any, in prison. Counsel also recently saw a client one (1) point away from being a zero-point offender despite multiple prior convictions. All those who have multiple convictions clearly never learned from their prior court experiences.

Counsel just sees a difference between those who have done significant time for prior crimes from those who repeatedly did not. In other words, a person with a criminal history category that significantly raises the guideline range is essentially being punished, in part, based on prior convictions. Those who served significant prion time have already been punished for those prior crimes.

**Defendant has reached out to United States Probation as to how Defendant is Criminal History Category V with eight (8) criminal history points. This should have been done sooner. Counsel may file an amended memorandum.**

### 18 U.S. CODE § 3553

1. **THE NATURE AND CIRCUMSTANCES OF THE OFFENSE AND HISTORY AND CHARACTERISTICS OF THE DEFENDANT**:

Defendant agreed with the statement of facts at the change of plea. Defendant agrees with the offense conduct set forth in the PSIR. Defendant accepts that what he did is reprehensible. Defendant is aware that the case against Co-defendant, Karen Allen, is not resolved. It would appear that the filming of the acts that led to this indictment had more to do with Allen than Defendant. Reasonable minds can differ as to that though. Karen Allen, similar to Defendant, faces charges stemming from the activity here in the Allegheny County Court of Common Pleas (CR 3923-2025). Karen Allen may indeed be incompetent, but no competency issues are being raised on that docket. This is only mentioned because Defendant is a man who went through special education classes, may not be able to read, and there is some evidence that he was being directed while appearing in the filming of the videos involved in this matter.

2. **THE NEED FOR THE SENTENCE IMPOSED:**

The applicable guideline range at Counts 1-6 of 25 CR 193 is three-hundred sixty (360) months to life imprisonment. The maximum sentence that can be imposed on those counts is fifty (50) years. The mandatory minimum sentence that can be imposed is twenty-five (25) years. The maximum fine is $250,000 per count. Defendant cannot pay a fine. A special assessment of $100 must be paid by Defendant for each count. This Honorable Court must impose a period of supervised release of at least five (5) years up to a period of supervised release of life. Defendant is ineligible for probation.

4

The applicable guideline range for the count at 26 CR 46 is three-hundred sixty (360) months to life imprisonment. The maximum sentence that can be imposed on those counts is life imprisonment. The mandatory minimum sentence that can be imposed is ten (10) years. The maximum fine is $250,000. Defendant cannot pay a fine. A special assessment of $100 must be paid by Defendant. This Honorable Court must impose a period of supervised release of at least five (5) years up to a period of supervised release of life. Defendant is ineligible for probation.

### -SERIOUSNESS OF OFFENSE, PROMOTION OF RESPECT FOR THE LAW, AND JUST PUNISHMENT-

A sentence of three hundred and sixty (360) months is a sentence that would reflect the seriousness of the offense, promote respect for the law, and constitute just punishment. Such is a long time for a man who will be thirty-nine (39) years old at the time of sentencing to be imprisoned. While Defendant will be eligible for good time, there is almost no way he will be eligible for earned time credits and probably not eligible for RDAP.

### -DETERRENCE-

A sentence of three hundred sixty (360) months would certainly deter most individuals from committing the crime that Defendant committed. Such conduct admittedly needs deterred but thirty (30) years is a long sentence.

### -PROTECTION OF PUBLIC-

The public would be protected from Defendant by a sentence of three hundred sixty (360) months followed by a period of supervised release of five (5) years.

### -EDUCATION, TRAINING, MEDICAL TREATMENT-

Defendant would benefit from appropriate medical treatment for his various ailments.

**3-4.    KINDS OF SENTENCES AVAILABLE/SENTENCING RANGE:**

The applicable guideline range is three hundred sixty (360) months to life imprisonment, and life imprisonment is the maximum permitted by law at 2:26-CR-46, The maximum sentence therefore is life imprisonment. A mandatory minimum sentence of twenty-five (25) years must be imposed.

Defendant is ineligible for probation. Such is clear.

The maximum fine is $250,000 per count. Defendant cannot pay a fine. A special assessment of $100 must be imposed for each count. Defendant may also be responsible for certain monetary penalties as set forth in paragraphs 152 and 153 of the PSIR. Defendant will have no income or resources other than potential prison earnings.

**5.    ANY PERTINENT POLICY STATEMENT:**

Defendant is unaware of any pertinent policy statement applicable to imposition of sentence.

**6.    NEED TO AVOID UNWANTED SENTENCE DISPARITIES:**

Every case is different, even once plea negotiations start in multiple defendant indictments. Karen Allen has yet to be sentenced. During the last five fiscal years (FY2021-2025), there were 7 defendants whose primary guideline was §2G2.1, with a Final Offense Level of 38 and a Criminal History Category of V, after excluding defendants who received a §5K1.1 substantial assistance departure. For the 7 defendants (100%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 336 month(s) and the median length of imprisonment imposed was 300 month(s).

**7.    RESTITUTION:**

There is no restitution in this matter that Defendant is aware of. Such has come to Counsel late in these types of cases though.

Respectfully submitted,

/s/ Robert E. Mielnicki, Esquire
Robert E. Mielnicki, Esquire
PA ID No. 63489
300 Northpointe Circle, Suite 304
Seven Fields, PA 16046
(412) 288-0300